IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| BRANDON CRAIG WOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:20-CV-124 (MTT) |
| | ) |
| ERIC SELLERS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

The defendants[1] have moved to dismiss Plaintiff Brandon Craig Wood's claims. Docs. 32; 36.  In a previous lawsuit involving the same claims alleged here, the Court found that Wood failed to exhaust his available administrative remedies before filing suit and dismissed his lawsuit without prejudice.  In this case, Wood raises no new facts to establish exhaustion; rather, he argues that the same facts now establish that he exhausted his available administrative remedies.  Because collateral estoppel bars the relitigation of that issue, the defendants' motions are **GRANTED**.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Wood, a state prisoner, filed this lawsuit on March 27, 2020, alleging that he was beaten by various prison guards.  Doc. 1 at 8-9.  Wood alleges that the Transport

---

[1] There are two sets of defendants.  The first set consists of Joseph Baxley and Sean Free ("Transport Defendants"), Henry County Sheriff's Deputies.  The second set consists of Mubarak Bin Asadi, Miguel Josephs, Brian Walcott, Lekendrick Harden, Charles Williams, Samuel Andrews, Benjamin Brown, and Quinton Richardson ("CERT Defendants"), members of the Corrections Emergency Response Team ("CERT Team") at Georgia Diagnostic and Classification Prison.  Both sets of defendants filed motions to dismiss.

Defendants, while transporting him from the Henry County Jail to Washington State Prison on May 3, 2018, stopped at Georgia Diagnostic and Classification Prison to drop off another prisoner.  *Id*. at 8.  While at Georgia Diagnostic and Classification Prison, Wood contends that the CERT Team Defendants, apparently at the Transport Defendants' instruction, attacked and injured Wood.  *Id*.

United States Magistrate Judge Thomas Q. Langstaff screened Wood's complaint and recommended dismissing Wood's claims against Defendant Eric Sellers but allowing Wood's claims against the other defendants to proceed.  Doc. 5.  Wood did not object to his claims against Defendant Sellers being dismissed, and the Court adopted the Magistrate Judge's Recommendation.  Doc. 21.

In July 2020, the defendants filed motions to dismiss arguing, among other things, that issue preclusion bars Wood's claims because he previously brought an identical lawsuit and, in that case, the Court found that Wood had not exhausted his available administrative remedies.  Docs. 32 at 2; 36-1 at 9 n.3.  On August 6, 2020, the Magistrate Judge ordered Wood to respond to the defendants' motions to dismiss within twenty-one days.  Doc. 46.  Wood requested more time to respond to the defendants' motions, and the Court granted Wood's request, extending his response deadline to October 26, 2020.  Docs. 47; 48.  Wood did not timely respond, so on January 6, 2021, the Court ordered him to show cause by January 27 why his case should not be dismissed for failure to prosecute.  Doc. 49.  Wood again did not timely respond, and the Magistrate Judge recommended dismissing Wood's action.  Doc. 50.  Finally, on February 17, 2021, Wood communicated with the Court.  Doc. 51.  Wood stated that he can no longer read or write because he is practically blind, and he requested that the

Court appoint him an attorney, which the Court did.² *Id*.; Doc. 52.  Wood, through his attorney, responded to the defendants' motions to dismiss, and the defendants replied. Docs. 55; 59; 60.

## II. STANDARD

The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To avoid dismissal pursuant to Rule12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible."  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *FindWhat Inv'r Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted).  But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.,* 785 F.3d 483, 485 (11th Cir. 2015) (internal quotation marks and citation omitted).  The complaint must "give the defendant

---

² Joe Patrick Reynolds of the firm Kilpatrick Townsend & Stockton LLP represented Mr. Wood pro bono. On short notice, Mr. Reynolds stepped up and provided Mr. Wood excellent legal assistance, consistent with the highest traditions of the Bar.  The Court expresses its sincere appreciation to Mr. Reynolds and the firm Kilpatrick Townsend & Stockton LLP.

fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018) (citations omitted).

### III. DISCUSSION

The defendants argue that Wood failed to exhaust his administrative remedies before bringing this action. Docs. 32-1 at 2; 36-1 at 3. "[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id*. If, taking plaintiff's facts as true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id*. "If the complaint is not subject to dismissal at the first step ... the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. The defendant bears the burden of proof during this second step. *Id*. Like other matters in abatement, the Court may consider facts outside of the pleadings to resolve factual disputes about whether a plaintiff has exhausted available administrative remedies. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008).

The defendants further argue that because the Court previously found that Wood failed to exhaust his available administrative remedies for the incident he alleges in his complaint, collateral estoppel requires dismissal his claims. Docs. 32-1 at 2; 59 at 7-9.

Wood's prior lawsuit was based on the same facts as his current lawsuit.  In the former case, Wood alleged that while being transported from the Henry County Jail to Washington State Prison on May 3, 2018, the Transport Defendants stopped at Georgia Diagnostic and Classification Prison.[3]  *Wood v. Sellers*, No. 5:19-cv-41 MTT-CHW (M.D. Ga.) ("*Wood I*") Docs. 1 at 3-4; 42 at 1-3.  In *Wood I*, Wood alleged that the Transport Defendants allowed the CERT Defendants to take him out of the transport vehicle and into an area that was off camera.  *Wood I*, Docs. 1 at 2; 42 at 2.  Once out of sight, Wood alleged that the CERT Defendants beat him severely, causing a busted ear drum, eye damage, and a torn stomach muscle.  *Wood I*, Docs. 1 at 2; 42 at 2-3.  In this case, Wood's complaint is based on the same events.  Doc. 1 at 8-9.

In *Wood I*, the Court found that Wood had failed to exhaust his available administrative remedies.  Specifically, the Court found that "the record refutes [Wood's] arguments that the prison grievance process was not available to him, and [Wood] acknowledges that he did not in fact exhaust the grievance process prior to filing suit."  *Wood I*, Doc. 66 at 12 (Recommendation adopted at Doc. 68).  In sum, the Court previously found that Wood had not exhausted his available administrative remedies before filing suit, and now he has filed suit again based on the same allegations as before.

"Collateral estoppel bars relitigation of a previously decided issue when the parties are the same (or in privity) if the party against whom the issue was decided had

---

[3] The Court may take judicial notice of the record in a prior case when considering a motion to dismiss based on collateral estoppel.  *Lozman v. City of Rivera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013); *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010).

-5-

a full and fair opportunity to litigate the issue in the earlier proceeding." *In re Se. Banking Corp.*, 69 F.3d 1539, 1552 (11th Cir. 1995).  For collateral estoppel to apply:

> (1) the issue at stake must be identical to the one decided in the prior litigation; (2) the issue must have been actually litigated in the prior proceeding; (3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and (4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case.

*Id*. (citation omitted).

Each of the elements of collateral estoppel, or issue preclusion, is satisfied here.  First, the issue in this case, whether Wood exhausted his available administrative remedies for the defendants' alleged actions on May 3, 2018, is the identical issue the Court decided in *Wood I*.[4]  *Wood I*, Docs. 66 at 10-13; 68.  Second, this issue was actually litigated in the first lawsuit.  In *Wood I*, three motions to dismiss were filed, and failure to exhaust administrative remedies was argued in each motion.  *Wood I*, Docs. 37-1 at 3-4; 43-1 at 5-13; 60-1 at 4.  In response to these motions, Wood argued that the grievance process was not available to him because Agent Tomekia Jordan told him the normal process was inapplicable to his situation, so, according to Wood, his case should not be dismissed for failure to exhaust administrative remedies.  *Wood I*, Docs. 51 at 1-2; 62 at 2-3; 64 at 1-2.  Accordingly, this issue was actually litigated in *Wood I*.  Third, the Court's determination of this issue was critical and necessary to the judgment in *Wood I* because the Court dismissed Wood's case for failure to exhaust available administrative remedies.  *Wood I*, Docs. 66 at 12; 68.  Finally, the standard of proof in the prior action was the same as the standard of proof here.

---

[4] Because *Wood I* was dismissed without prejudice, Wood *conceivably* could have taken steps to exhaust—although it's unlikely he could have *timely* exhausted at that point—and then refiled.  But that is not what he did.  He is simply arguing the same facts he argued before.

In response to the defendants' argument that issue preclusion bars the relitigation of the exhaustion issue, Wood contends that he did not have a "full and fair opportunity to litigate the issue in the earlier proceeding."[5]  Doc. 55 at 14 (quoting *In re Se. Banking Corp.*, 69 F.3d at 1552).  Wood argues that in *Wood I* he was not allowed to "develop the factual record on the disputed factual issue related to exhaustion."  *Id*. at 16.  But Wood filed an amended complaint, multiple responsive filings, and affidavits in response to the defendants' exhaustion defense.  *Wood I*, Docs. 42; 51; 62; 64; 67; 42-1; 51-1; 51-2.  Moreover, after the first motion to dismiss in *Wood I*, the Court explicitly informed Wood that "this is his opportunity to 'develop the record,'" and that he may "submit any affidavits and/or documents showing he has exhausted."  *Wood I*, Doc. 39 at 2 (citing *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008)).  The Court reviewed each of Wood's responses before concluding that Wood had failed to exhaust his available administrative remedies.  *Wood I*, Docs. 66; 68.  Accordingly, the Court finds that Wood had a full and fair opportunity to develop the record and that the issue of exhaustion was actually litigated in *Wood I*.

Wood also argues that he was not given the opportunity to develop the record because he did not receive an evidentiary hearing.  Doc. 55 at 17.  But Wood did not request an evidentiary hearing in *Wood I*.  *Wood I*, Docs. 51; 62; 64.

Finally, Wood argues that because in *Wood I* his objection to the Magistrate Judge's Recommendation was construed as a motion to amend the complaint, and the Court granted that motion to amend, he should have been allowed to develop the record

---

[5] Wood also states that the defendants did not argue in their original motion briefs that Wood had a full and fair opportunity to litigate the issue of exhaustion.  Doc. 55 at 15.  Although the defendants may not have individually addressed and argued each element of their issue preclusion defense, they did raise the defense and at least argued that the doctrine applies.  Docs. 32-1 at 2-3; 36-1 at 9 n.3.

as to the newly alleged facts. Doc. 55 at 17 n. 7. However, Wood did not allege materially new facts concerning exhaustion, and the Court noted this by describing Wood's facts concerning exhaustion as his "latest version of his conversation with Office of Professional Standards Agent Jordan[.]" *Wood I*, Doc. 68 at 1 n.1. In the objection, Wood realleged that Agent Jordan told him that because she was involved, normal administrative remedies were inapplicable to his situation—the same allegation that Wood hinged his availability argument on throughout the litigation of *Wood I* and that the Magistrate Court's Recommendation thoroughly addressed and found to be not credible.[6] *Wood I*, Docs. 1 at 4; 42 at 5; 42-1; 51 at 1; 64 at 2; 66 at 11-12. Because Wood merely reiterated the same theory that he was not required to exhaust, Wood was not entitled to yet another opportunity to present evidence or to develop the record.

Because in *Wood I* the Court found that Wood failed to exhaust his available administrative remedies arising out of the May 3, 2018 incident and each element of collateral estoppel is satisfied, Wood may not relitigate that issue.

## IV. CONCLUSION

For the reasons stated above, the defendants' motions to dismiss (Docs. 32; 36) are **GRANTED**, and Wood's complaint is **DISMISSED** without prejudice.

**SO ORDERED**, this 27th day of August, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[6] In the objection, Wood detailed a conversation he had with Agent Jordan. Wood alleged Jordan told him that "now that she was involved she superseded any normal administrative remedies." *Wood I*, Doc. 67 at 5. This is nearly identical to Wood's allegation in his amended complaint: "I was met by Special Agent Tomekia Jordan who … informed me that … normal administrative remedies would not work[.]" *Wood I*, Doc. 42 at 3.